IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JERMAINE LEE OSBORNE,**             )<br>            Petitioner,                           )<br>                                                      )<br>v.                                                    )<br>                                                      )<br>**WARDEN A. LONGLEY,**                   )<br>            Respondent.                        ) | Civil Action No. 10-81 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

# OPINION AND ORDER[1]

Pending before the Court is Petitioner Jermaine Lee Osborne's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241.  He challenges a judgment of sentence imposed by the U.S. District Court for the Western District of Virginia on May 6, 2006.

For the reasons set forth below, the Court must dismiss the petition for lack of subject matter jurisdiction.

## I.

**A.      Relevant Background**

On May 2, 2006, following a guilty plea, the U.S. District Court for the Western District of Virginia sentenced Petitioner to a term of 240 months of imprisonment and 10 years of supervised release for Conspiracy to Possess With Intent to Distribute at Least 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  He did not appeal his judgment of sentence.

On April 17, 2009, Petitioner filed with the District Court for the Western District of Virginia a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  He alleged that he is actually innocent of the conviction to which he pleaded guilty.  On May 12, 2009, the district court

---

[1]         In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

issued a Conditional Filing Order notifying Petitioner that his § 2255 motion appeared to be untimely and allowing him the opportunity to present the court with any information regarding the timeliness of his § 2255 motion. Petitioner filed a response. On June 11, 2009, the district court issued an Opinion dismissing Petitioner's § 2255 motion as untimely. [Resp's Ex. 3, ECF No. 16-1 at 16-19].

Petitioner appealed the district court's decision. On November 9, 2009, the U.S. Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. [Resp's Ex. 4, ECF No. 16-1 at 21-28].

On January 28, 2010, Petitioner filed with the District Court for the Western District of Virginia a second Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, in which he again claimed that he was actually innocent of the conviction to which he pled guilty. The district court dismissed the § 2255 motion because it was successive and Petitioner had failed to obtain the required authorization from the Fourth Circuit Court of Appeals to file it. In addition, the district court ruled that Petitioner failed to show that § 2255 was inadequate or ineffective and, therefore, the court refused to construe his motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court also advised Petitioner of the procedure for obtaining authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. [Resp's Ex. 5, ECF No. 16-1 at 23-28]. Notwithstanding the district court's advisement, Petitioner did not file a petition for authorization to file a second or successive petition with the Fourth Circuit Court of Appeals.

On February 8, 2010, Petitioner filed with the District Court for the Western District of Virginia a "Motion to compel USA to provide defendant with a lab report." The district court denied the motion for discovery stating:

> In his motion, [Petitioner] seeks to obtain a laboratory chemical analysis report which he claims is in the government's possession. However, this court entered final judgment in his case on May 3, 2006. Further, this court denied his motion to vacate, set aside, or

2


> correct sentence, pursuant to 28 U.S.C. § 2255 on June 11, 2009 and the United States Court of Appeals for the Fourth Circuit dismissed his appeal on November 9, 2009. Accordingly, the court finds no reason to grant [Petitioner's] motion for discovery at this time.

[Resp's Ex. 6, ECF No. 16-1 at 27-28].

On November 18, 2011, Petitioner filed with the District Court for the Western District of Virginia a third Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, he explained that he had received a copy of the laboratory chemical analysis report and that it establishes that he possessed less than 50 grams of cocaine base. Once again, the district court dismissed the § 2255 motion as successive and Petitioner had failed to obtain authorization from the Fourth Circuit Court of Appeals to file it. The district court also once again advised him of the procedure for obtaining authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. See docket entries numbered 73-75 in United States v. Osborne, No. 7:05-cr-00094 (W.D. Va.). Notwithstanding the district court's advisement, Petitioner did not file a petition for authorization to file a second or successive petition with the Fourth Circuit Court of Appeals.

Pending before this Court is Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2241. [ECF No. 7]. Therein, Petitioner argues, as he has several times before the District Court for the Western District of Virginia, that he is actually innocent of violating 21 U.S.C. § 841(b)(1)(A) because he did not possess 50 grams of cocaine base. He also argues, as he previously has before the District Court for the Western District of Virginia, that he is actually innocent of violating 21 U.S.C. § 846 because he claims that he did not participate in a conspiracy since he had no co-defendants.

In the Answer [ECF No. 16], Respondent contends that the petition must be dismissed for lack of subject matter jurisdiction. Petitioner has filed a Reply [ECF No. 17] and an additional brief [ECF No. 19].

3

**B.**     **Discussion**

    **1.**     **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255.  Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence.  See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction."), quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam).  In contrast, matters concerning the Bureau of Prison's execution of a federal prisoner's sentence are within the subject matter jurisdiction of the court presiding in the district in which that federal prisoner is incarcerated.  See, e.g., McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010).  Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255."  Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).


Respondent correctly contends that this Court should dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the validity of his conviction and sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to pursue the instant habeas action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner does not articulate any persuasive reason to support his contention that this case falls within § 2255's "savings clause" or "safety valve." Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539. See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising

5

his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.  Cradle, 290 F.3d at 538-39.

Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective.  Accordingly, this Court does not have jurisdiction to consider the claims he raises in the instant action and his petition must be dismissed.

### C. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

### II.

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE LEE OSBORNE, | ) | |
| Petitioner, | ) | Civil Action No. 10-81 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN A. LONGLEY, | ) | |
| Respondent. | ) | |

## **ORDER**

AND NOW, this 6th day of March, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:   Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record